Filed 11/15/21  Greenfield v. U.S. Bank, NA CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| JOAN GREENFIELD,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>U.S. BANK, NA, et al.,<br><br>Defendants and Respondents. | 2d Civil No. B311887<br>(Super. Ct. No. 56-2020-00539719-CU-OR-VTA)<br>(Ventura County) |

Joan Greenfield appeals from the judgment after the trial court sustained the demurrer to her complaint filed by U.S. Bank, NA, and Select Portfolio Servicing, Inc. (collectively, Respondents), without granting leave to amend.  Greenfield requests that we reverse the judgment because the court below did not resolve every issue raised in her complaint.  We affirm.

FACTUAL AND PROCEDURAL HISTORY[1]

In 2006, Greenfield and her now-deceased husband obtained a $672,000 loan secured by the deed to their Westlake Village home. The loan was transferred among several interests over the following decade, eventually to U.S. Bank.

By late 2017, Greenfield was in default by nearly $342,000. A notice of trustee's sale was recorded early the following year, followed by a second notice a year later. Greenfield's Westlake Village home sold at a trustee's sale in April 2019.

The new homeowner filed an unlawful detainer action against Greenfield in May. She turned over possession of the home in July.

Seven months later, Greenfield's son sued Respondents, alleging that the trustee's sale was invalid and that his mother's former home had been sold via a "fraudulent conveyance." He also alleged that Select Portfolio should have granted his mother's request for a loan modification, that she did not have proper notice of the sale, and that the sale was barred by the statute of limitations. He later amended his complaint, essentially repeating the same substantive allegations. The trial court sustained Respondents' demurrer to the amended complaint, but granted leave to amend.

---

[1] Greenfield's brief makes factual and procedural assertions without citations to the record, in violation of the rules of court. (See Cal. Rules of Court, rule 8.204(a)(1)(B) & 8.204(a)(1)(C).) This summary is taken from Respondents' brief. (See *Warren-Guthrie v. Health Net* (2000) 84 Cal.App.4th 804, 808, fn. 4, disapproved of on another ground by *Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 393, fn. 8.)

The second amended complaint added Greenfield as a plaintiff, but otherwise left the complaint substantively unchanged.  Respondents again demurred.  The trial court sustained Respondents' demurrer, denied leave to amend, and entered a judgment of dismissal.

DISCUSSION

Greenfield contends we should reverse the judgment of dismissal and order the trial court to consider all of the issues raised in her complaint.  We disagree.

A self-represented party "'is to be treated like any other party'" on appeal.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)  Such a party must thus "follow correct rules of procedure." (*Ibid.*)  Among those rules is that requiring "[e]ach and every statement in a brief regarding matters that are in the record on appeal . . . [to] be supported by a citation to the record." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 96, fn. 2; see Cal. Rules of Court, rule 8.204(a)(1)(C).)  "The claimed existence of facts that are not supported by citations to pages in the appellate record, or not appropriately supported by citations, cannot be considered by this court.  [Citations.]" (*Mueller v. County of Los Angeles* (2009) 176 Cal.App.4th 809, 816, fn. 5.)  "It is not the duty of a reviewing court to search the record for evidence on a point raised by a party whose brief makes no reference to the pages where the evidence can be found. [Citations.]" (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1011 (*ComputerXpress*).)

Here, Greenfield's opening brief contains no citations to the appellate record.  Such a brief is "wholly unacceptable." (*ComputerXpress*, *supra*, 93 Cal.App.4th at p. 1011.)  We accordingly disregard the factual allegations contained therein.

3

(*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 60; *Millan v. Restaurant Enterprises Group, Inc.* (1993) 14 Cal.App.4th 477, 485.)

Greenfield's brief also contains no legal analysis. "Whether legal or factual, no error warrants reversal unless the appellant can show injury from the error. [Citation.]" (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286.) "[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis." (*Id.* at pp. 286-287.) "[W]e may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions [they] want[] us to adopt. [Citations.]" (*Id.* at p. 287.)

The argument section of Greenfield's brief contains little more than a recitation of legal principles with no application to the facts of her case. As with the lack of factual support, the dearth of legal analysis in Greenfield's brief is unacceptable. (*ComputerXpress*, *supra*, 93 Cal.App.4th at p. 1011.) "One cannot simply say the [trial] court erred, and leave it up to the appellate court to figure out why. [Citation.]" (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.) It is not our duty to "'act as counsel for [Greenfield] . . . and furnish a legal argument as to how the trial court's rulings . . . constituted an abuse of discretion' [citation], or a mistake of law." (*Ibid.*)

4

## DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Joan Greenfield, in pro. per., for Plaintiff and Appellant.

Kutak Rock and Steven M. Dailey for Defendants and Respondents.